

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 24, 1992

Honorable John H. Hannah, Jr.
Secretary of State
State of Texas
P. O. Box 12697
Austin, Texas 78711-2697

Opinion No. DM-168

Re: When the names of persons voting early by personal appearance become public information (RQ-369)

Dear Mr. Hannah:

You ask whether the names of persons voting in an election early by personal appearance become available for public inspection prior to the closing of the polls on election day. The period for early voting by personal appearance generally begins on the 20th and ends on the 4th day prior to election day. *See* Elec. Code § 85.001. The names of persons voting early by personal appearance appear, *inter alia*, on the early voting ballot applications submitted by voters at the early voting locations and on the early voting poll lists and early voting rosters completed by the early voting officials. *See* Elec. Code §§ 84.001 (early voting applications), 85.031 (early voting poll lists), 87.121 (early voting rosters).

Section 61.007 of the Election Code, in making it an offense for an election official or watcher to reveal the "names of persons who have or have not voted in the election" before the polls close and the last voter has voted, indicates that information as to who has voted is generally not available to the public until after the election. *See also* Open Records Decision No. 38 (1974) (names of voters in school election become open to public access once polls have closed, citing predecessor provisions of section 61.007 in former Election Code). However, having reviewed the provisions of the Election Code specifically applicable to early voting, we conclude that those provisions indicate a legislative intent that the names of persons voting early by personal appearance become public at the time such persons vote and that their release is not be subject to the section 61.007 proscription on revealing voter information prior to the time the polls close on election day.

Title 6 of the Election Code, of which section 61.007 is a part, applies to the conduct of voting generally. However, title 7 of the code applies specifically to early voting, the portion of the election process to which the information at issue here

relates. Title 7, in section 81.002, provides that "[t]he other titles of this code apply to early voting *except provisions that are inconsistent with this title* or that cannot feasibly be applied to early voting." (Emphasis added.) In sections 87.121 and 86.014, title 7, we find two provisions which we construe to be inconsistent with the general strictures in section 61.007 on release of voting information, and which, by the terms of section 81.002, quoted above, prevail over the section 61.007 restrictions. Section 87.121 provides in pertinent part:

> (a) The early voting clerk[1] shall maintain for each election a roster listing each person who votes an early voting ballot by personal appearance and a roster listing each person to whom an early voting ballot to be voted by mail is sent.

> (b) For each person listed, the applicable roster must include:

> > (1) the person's name, address, and voter registration number;

> > (2) an identification of the person's county election precinct of registration; and

> > (3) the date of voting or the date the ballot was mailed to the person, as applicable.

> (c) Each roster shall be updated daily.

> . . . .

> (f) Information on the roster for a person to whom an early voting mail ballot has been sent is not available for public inspection, except to the voter seeking to verify that the information pertaining to him is accurate, until 24 hours after the time a ballot was mailed to the voter. [Footnote added.]

Section 86.014(a) provides that "[a] copy of an application for a ballot to be voted by mail may be obtained from the early voting clerk 48 hours after the receipt of the application by the clerk."[2]

---

[1] *See* Elec. Code § 83.001 *et seq.* (early voting clerk for various elections ).

[2] An application for a ballot to be voted by mail contains the applicant's name, residence address, and signature, the address to which the ballot is to be mailed, the election(s) for which the application is made, an indication of eligibility for early voting, and witness information. Elec. Code § 84.002. If the applicant does not enter his voter registration number and county election precinct, the

Sections 87.121(f) and 86.014(a) expressly provide for public access to information about persons voting early by mail prior to the closing of the polls on election day, the point at which section 61.007 indicates voter information generally first becomes available for an election. Applications for ballots to be voted early by mail may be submitted between the 60th day and the seventh day preceding the election; mail ballots may be sent out beginning on the 45th day preceding the election.[3] Elec. Code §§ 84.007(c), 86.004. Thus, the information on the early voting roster pertaining to mail ballot applicants may be made available to the public, under section 87.121(f), as early as 24 hours after the sending out of the corresponding mail ballots -- the latter beginning as early as 45 days before election day. Copies of mail ballot applications themselves may be made available, under section 86.014(a) as early as 48 hours after the corresponding ballots are sent out.

The bill analysis to the 1991 bill adding section 87.121(f) explains that amendment as "requir[ing] a 24-hour *delay* for the availability to the general public of the roster of voters requesting a ballot by mail." Bill Analysis, S.B. 1234, 72d Leg. (1991) (emphasis added). By the use of the word "delay" the bill analysis for the bill adopting section 87.121(f) clearly suggests that the legislature understood that, but for that amendment, the mail voter roster would become available to the public immediately. The bill analysis further implies, we think, that the roster of persons voting early by personal appearance, the release of which was not addressed by the amendment, neither had been nor was to be subject to such a "delay" in its release -- that the personal appearance early voting roster had been and was to remain immediately available.[4] We believe that such a reading of these provisions is consistent with the overall tenor of sections 86.014 and 87.121.

We note further that the Office of the Secretary of State has consistently construed the applicable provisions, even prior to the 1987 addition of section 86.014 and the 1991 addition of section 87.121(f), to make early voter information available prior to election day despite the general strictures on release of voter information contained in section 61.007. The secretary of state, in a 1986

---

(footnote continued)
clerk enters such information on the application before providing the applicant a ballot. *Id.* § 86.001(c)(d).

[3] The marked mail ballots must be received back by the time the polls close on election day. Elec. Code § 86.007(a).

[4] Section 86.014 was added in 1987. Acts 1987, 70th Leg., ch 472, § 32. The legislative history for that amendment is not helpful here.

memorandum, pointed out that under the provisions then in effect there could be no other purpose for the daily updating of the early voting roster, as provided for in section 87.121(c), than the maintenance of accurate information for ongoing availability to the public. *See* Memorandum from Myra A. McDaniel, Secretary of State, to Absentee Voting Clerks (Apr. 9, 1986). The secretary also noted that, at the time of its replacement by the current Election Code in 1985, the former Election Code of 1951, in article 5.05, subdivision 11(c), expressly made absentee (now "early") voting records open to the public, and that there was no indication in the legislative history of the adoption of the current Election Code that the legislature intended to change this arrangement. *See* Legislative Council, *Revisors' Notes to 1985 Election Code*; Acts 1985, 69th Leg., ch. 211 (adopting new Election Code). Particularly given the secretary of state's express statutory duty to maintain uniformity in the interpretation of the election laws, Elec. Code §§ 31.003, 31.004, we think that a court would accord considerable deference to that office's long-standing position on the issue presented here. *See, e.g., Calvert v. Kadane*, 427 S.W.2d 605 (Tex. 1968).

Accordingly, it is our opinion that the release of the names of persons voting early by personal appearance is not subject to the provisions of section 61.007 of the Election Code restricting release of the names of voters until after the polls close on election day. Nor do we find other restrictions on the release of such information in the Election Code, the Open Records Act (article 6252-17a, V.T.C.S.), or elsewhere in Texas law. Therefore, we advise that the names of persons who have voted early by personal appearance become public immediately upon such persons' voting and should be made available with reasonable dispatch during the regular business hours of the records' custodian.[5]

---

[5]*See* Election Code § 1.012 (public election records to be made available during records' custodians' regular business hours). We note that section 1.012(b) of the Election Code permits the custodian of public election records to "adopt reasonable rules limiting public access," for the purpose of "safeguarding the election records or economizing the custodian's time." We do not think it necessary to determine here precisely what sorts of delays or other impediments to public access occasioned by such rules the law might countenance in this particular case. We trust that any such rules adopted by the custodian will nevertheless allow for public access to the records in question with reasonable immediacy. *Compare* V.T.C.S. art. 6252-17a, § 4 (records custodian to arrange reasonable time for providing public access to records in active use or storage).

## S U M M A R Y

The names of persons voting by personal appearance during the early voting period for an election are open to the public and their release is not subject to the provision of Election Code section 61.007 that the names of persons voting may not be revealed until after the polls close on election day.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General